**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Thomas Jennings, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>Continental Service Group, Inc. d/b/a ConServe; and DOES 1-10, inclusive<br><br>　　　　　　　　Defendants. | Civil Action No.: 1:15-cv-575<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Thomas Jennings, individually and on behalf of all others similarly situated, sues Defendant Continental Service Group, Inc. d/b/a ConServe ("ConServe"), and states as follows:

## INTRODUCTION

1. Plaintiff seeks damages and injunctive relief resulting from the illegal actions of ConServe in contacting Plaintiff and Class members on their cellular telephones for non-emergency purposes using a prerecorded message or artificial voice in direct contravention of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. The TCPA regulates, among other things, the use of artificial or prerecorded messages and use of automatic telephone dialing systems ("ATDS"), or "autodialers." 47 U.S.C. § 227(b)(1)(A)(iii). Specifically, the TCPA prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. 47 C.F.R. §64.1200(a)(2).

3. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater

1

nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## PARTIES, JURISDICTION AND VENUE

4. Jennings is and at all times mentioned herein was an individual person residing in Buffalo, New York.

5. ConServe is a New York business entity with an address of 200 Cross Keys Office Park, Fairport, New York 14450-0007, operating as a collection agency.

6. This Court has subject matter jurisdiction under 28 U.S.C. §1331.

7. Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b) because ConServe resides here and a substantial part of the events giving rise to the claim occurred here.

8. Does 1-10 are third parties who, upon information and belief, placed ConServe's automated calls, and whose identities are currently unknown to the Plaintiff. One or more Does may be joined once their identities are disclosed through discovery.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. ConServe is a debt collection agency specializing in the collection of student loan debts.

10. Within the last four years, ConServe placed telephone calls to Plaintiff on his cellular telephone.

11. At all times mentioned herein, Defendant called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1), and by using an "artificial or prerecorded voice," as prohibited by 47 U.S.C. § 227(b)(1)(A).

2

12. ConServe's calls to Plaintiff were placed in an attempt to collect an outstanding obligation allegedly owed by Plaintiff to a creditor ("Creditor").

13. When Plaintiff answered the calls from ConServe, he heard a blended pre-recorded and artificial message which stated that it was a message for 'Tom Jennings.' The portion reciting the name was artificially reproduced, meaning it employed text-to-voice functionality.

14. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

16. Plaintiff's telephone number called by ConServe was not a number provided by the plaintiff to the defendant or the original creditor. Upon information believed the number was obtained through skip-trace services.

17. ConServe or its agents did not have express consent to place calls using an artificial or prerecorded voice to Plaintiff's cellular telephone, therefore the calls placed by Defendant to Plaintiff were in violation of 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

18. Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf the following Class and sub-class:

TCPA Class

**(1) All persons in the United States (2) to whose cellular telephone number (3) ConServe placed a non-emergency telephone call (4) using an artificial or**

**prerecorded voice (5) within four years of the complaint (6) where ConServe did not have express written consent to call said cellular telephone number.**

19. Plaintiff represents and is a member of the TCPA Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

20. Plaintiff does not know the exact number of members in the Class, but based upon the size and national scope of ConServe and the automated nature of the prerecorded messages, Plaintiff reasonably believes that the Class numbers in the thousands.

21. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by ConServe.

22. There are questions of law and fact common to the members of the Class which predominate over any questions that affect only individual Class members. Those common questions of law and fact include, but are not limited to, the following:

> i. Whether ConServe engaged in a pattern of using artificial or prerecorded voices to place calls to cellular phones;
>
> ii. Whether ConServe had prior express consent to place the calls; and
>
> iii. Whether ConServe willfully violated the TCPA.

23. As a person who received telephone calls from ConServe using an artificial or prerecorded voice to his cellular phone without having given prior express consent, Plaintiff asserts claims that are typical of the members of the Class. Plaintiff will fairly and adequately

represent and protect the interests of the class, and has no interests which are antagonistic to any member of the Class.

24. Plaintiff has retained counsel experienced in handling class action claims, including class claims involving violations of federal and state consumer protection statutes such as the TCPA.

25. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of individual Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages for violation of the TCPA are small in comparison to the costs and expenses of litigation of such claims. Management of these claims is likely to present few difficulties because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones as ConServe did not attempt to obtain consent required by the TCPA prior to placing the calls.

26. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I – VIOLATIONS OF THE TCPA

27. Plaintiff incorporates the allegations of Paragraphs 1 through 28 as if fully set forth herein.

28. Plaintiff brings this claim on behalf of the Class.

29. ConServe made automated telephone calls to the wireless telephone number of

Plaintiff and the other Class members using a prerecorded or artificial voice. These phone calls were made without the prior written express consent of Plaintiff or the other Class members and were not made for emergency purposes.

30. ConServe has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

31. Each of the aforementioned calls by ConServe constitutes a violation of the TCPA.

32. Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

### COUNT II – WILLFUL VIOLATIONS OF THE TCPA

34. Plaintiff incorporates the allegations of Paragraphs 1 through 28 as if fully set forth herein.

35. Plaintiff brings this claim on behalf of the Class.

36. ConServe made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members using a prerecorded or artificial voice. These phone calls were made without the prior written express consent of Plaintiff or the other Class members and were not made for emergency purposes.

37. ConServe has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call

made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

38. Each of the aforementioned calls by ConServe constitutes a willful violation of the TCPA.

39. Plaintiff and the members of the Class are entitled to an award of up to $1500.00 in statutory damages for each call made in willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

40. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

   A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

   B. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

   C. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

   D. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on issues so triable.

Dated: June 26, 2015

Respectfully submitted,

By: _____
Sergei Lemberg
LEMBERG LAW, LLC

7

1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (203) 653-3424
*Attorneys for Plaintiff*