UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS JENNINGS, individually and on
behalf of all others similarly situated,

       Plaintiff,                         Case No.: 1:15-cv-575

v.

CONTINENTAL SERVICE GROUP, INC. d/b/a
CONSERVE; and DOES 1-10, inclusive,

       Defendants.
_____

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

      COMES NOW, Defendant CONTINENTAL SERVICE GROUP, INC. ("DEFENDANT"), in the Complaint, by and through its undersigned counsel, and files this Answer and Affirmative Defenses to Plaintiffs' First Amended Class Action Complaint, and states:

1. Admitted that Plaintiff has filed the instant Complaint as a class action pursuant to the Telephone Consumer Protection Act. Otherwise, denied.

2. Admitted that the statute says what it says. Otherwise, denied.

3. DEFENDANT is without sufficient knowledge to admit or deny the allegations contained in this Paragraph of Plaintiff's Complaint and therefore, denies and demands strict proof thereof.

4. Admitted that Plaintiff has filed the instant Complaint pursuant to the Fair Debt Collection Practices Act. Otherwise, denied.

5.  DEFENDANT is without sufficient knowledge to admit or deny the allegations contained in this Paragraph of Plaintiff's Complaint and therefore, denies and demands strict proof thereof.

6.  Admitted.

7.  Admitted.

8.  Admitted that the Court has jurisdiction over this matter and DEFENDANT and that venue is proper.

9.  DEFENDANT is without sufficient knowledge to admit or deny the allegations contained in this Paragraph of Plaintiff's Complaint and therefore, denies and demands strict proof thereof.

10. Admitted that DEFENDANT is a collection agency. Otherwise, denied.

11. DEFENDANT is without sufficient knowledge to admit or deny the allegations contained in this Paragraph of Plaintiff's Complaint and therefore, denies and demands strict proof thereof.

12. Denied.

13. Admitted.

14. Denied.

15. DEFENDANT is without sufficient knowledge to admit or deny the allegations contained in this Paragraph of Plaintiff's Complaint and therefore, denies and demands strict proof thereof.

16. Admitted.

17. DEFENDANT is without sufficient knowledge to admit or deny the allegations contained in this Paragraph of Plaintiff's Complaint and therefore, denies and demands strict proof

thereof.

18. DEFENDANT is without sufficient knowledge to admit or deny the allegations contained in this Paragraph of Plaintiff's Complaint and therefore, denies and demands strict proof thereof.

19. Denied.

20. Admitted that Plaintiff has filed the instant Complaint as a class action pursuant to Federal Rule of Civil Procedure 23. Otherwise, denied.

21. Denied that Plaintiff is a member of the class as defined in the preceding paragraph. Otherwise, DEFENDANT is without sufficient knowledge to admit or deny the allegations contained in this Paragraph of Plaintiff's Complaint and therefore, denies and demands strict proof thereof.

22. DEFENDANT is without sufficient knowledge to admit or deny the allegations contained in this Paragraph of Plaintiff's Complaint and therefore, denies and demands strict proof thereof.

23. DEFENDANT is without sufficient knowledge to admit or deny the allegations contained in this Paragraph of Plaintiff's Complaint and therefore, denies and demands strict proof thereof.

24. DEFENDANT is without sufficient knowledge to admit or deny the allegations contained in this Paragraph of Plaintiff's Complaint and therefore, denies and demands strict proof thereof.

25. Denied.

26. DEFENDANT is without sufficient knowledge to admit or deny the allegations contained in this Paragraph of Plaintiff's Complaint and therefore, denies and demands strict proof

thereof.

27. Denied.

28. Denied.

29. DEFENDANT re-alleges and re-incorporates paragraphs one (1) through twenty-eight (28) as if fully restated herein.

30. Admitted that Plaintiff has filed the instant Complaint as a class action pursuant to Federal Rule of Civil Procedure 23. Otherwise, denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Admitted that the Telephone Consumer Protection Act provides for injunctive relief. Denied that Plaintiff or any putative class member is entitled to injunctive relief.

36. Admitted that the Telephone Consumer Protection Act provides for declaratory relief. Denied that Plaintiff or any putative class member is entitled to declaratory relief.

37. DEFENDANT re-alleges and re-incorporates paragraphs one (1) through twenty-six (26) as if fully restated herein.

38. Admitted that Plaintiff has filed the instant Complaint as a class action pursuant to Federal Rule of Civil Procedure 23. Otherwise, denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Admitted that the Telephone Consumer Protection Act provides for injunctive relief. Denied that Plaintiff or any putative class member is entitled to injunctive relief.

44. Admitted that the Telephone Consumer Protection Act provides for declaratory relief. Denied that Plaintiff or any putative class member is entitled to declaratory relief.

45. DEFENDANT re-alleges and re-incorporates paragraphs one (1) through twenty-eight (28) as if fully restated herein.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied that Plaintiff is entitled to declaratory relief under the Fair Debt Collection Practices Act.

## PRAYER FOR RELIEF

DEFENDANT denies that Plaintiff is entitled to an award of attorneys' fees under the Telephone Consumer Protection Act, as that statute does not provide such relief and Plaintiff has failed to allege a legal basis for the recovery of attorney's fees and denies that Plaintiff is entitled to declaratory relief under the Fair Debt Collection Practices Act.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff and/or certain or all putative class members gave prior express consent to receive telephone calls on their mobile phone(s) at issue in this litigation.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted against the answering Defendant.

## THIRD AFFIRMATIVE DEFENSE

To the extent Defendant's actions violated the law, such actions were the result of a bona fide error notwithstanding reasonable procedures designed to avoid such error(s).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff and/or certain or all putative class members have failed to mitigate their alleged damages in this matter.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff and/or certain or all putative class members' claims are barred, in whole or in part, by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by release, waiver, unclean hands, laches, estoppel and/or res judicata.

## SEVENTH AFFIRMATIVE DEFENSE

In the event that the Court determines that the Plaintiff commenced this action in bad faith, the Court should award the Defendant its attorneys' fees and reasonable costs pursuant to 15 U.S.C. §1692k(a)(3).

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Defendant's actions violated the law, such actions were neither intentional, nor willful.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by Plaintiff's acts and/or omissions.

## DEMAND FOR A JURY TRIAL

DEFENDANT demands a trial by jury of all issues so triable.

**WHEREFORE**, Defendant CONTINENTAL SERVICE GROUP, INC., demands judgment against the Plaintiff dismissing the Complaint in its entirety together for such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

DATED:        September 14, 2015

Respectfully submitted:

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

/s Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant
665 Main Street, Suite 300
Buffalo, NY 14203
P: 716-853-5100
F: 716-853-5199
blittle@lippes.com