**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Thomas Jennings, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>Continental Service Group, Inc. d/b/a ConServe; and DOES 1-10, inclusive<br><br>　　　　　　　　　Defendants. | Civil Action No.: 1:15-cv-00575-EAW |

## **OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Thomas Jennings ("Jennings") respectfully submits his Opposition to Motion for Judgment on the Pleadings filed by Defendant Continental Service Group, Inc. d/b/a ConServe ("Conserve").

In his First Amended Class Action Complaint, Jennings seeks relief for himself and a class of similarly situated individuals for ConServe's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA prohibits autodialed or prerecorded telephone calls ("robocalls") to consumers' cellular telephones. 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff also seeks relief individually under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 for repeated and harassing telephone calls from Defendant.

There has been no discovery in this case. The scheduling order entered on February 17, 2016. (Doc. No. 20). Undersigned served Rule 33 & 34 interrogatories and requests for documents on February 19, 2016, with responses due on March 23, 2016. That day, March 23rd, counsel for the Defendant asked for a one week extension to respond to discovery, up to and through March 30, 2016, which undersigned agreed to. Instead of responding to discovery, and without prior notice, Defendant filed the instant motion for judgment on the pleadings under

Rule 12(c) and the motion to stay (Doc. No. 22) which Magistrate Schroeder granted (Doc. No. 23).

Defendant's Rule 12(c) motion argues for a fundamental misapplication of the pleading requirements for TCPA and FDCPA claims and should be denied. The TCPA provides an affirmative defense to liability where the Defendant possesses "prior express consent" to robocall. 47 U.S.C. § 227(b)(1)(A)(iii); *Sterling v. Mercantile Adjustment Bureau, LLC.*, 2014 WL 1224604, at *2 (W.D.N.Y. Mar. 25, 2014). In its motion, Defendant argues that the Amended Complaint's reference to "prior express *written* consent" is in error and that "written" consent is not required. However, stating and proving prior express consent – whether in writing or in some other form – is an affirmative defense and Defendant's burden. There are no facts, in the Amended Complaint, the Answer, other submissions on file or in Defendant's motion here showing *any* consent whatsoever to robodial the Plaintiff. Quite the contrary, Plaintiff affirmatively alleges he did not consent to the calls and did not provide Defendant his telephone number. To succeed on a motion for judgment on the pleadings on this issue, Defendant would need to show that Plaintiff's Amended Complaint establishes the defense or prior express consent. The Amended Complaint does not, therefore the motion should be denied.

Defendant next argues that Plaintiff fails to sufficiently allege that Defendant was attempting to collect a personal, family household debt or that Defendant is a third-party debt collector under the FDCPA. However, the Amended Complaint sets forth that the Defendant specializes in the collection of student loan debts, and that it is a collection agency that was attempting to collect a debt on behalf of a third party (which Defendant concedes in its answer). These facts are more than sufficient to allege the predicate nature of the debt being sought and the business of the collector under the FDCPA.

For the reasons stated herein, Plaintiff respectfully requests that Court deny Defendant's motion.

## FACTUAL ALLEGATIONS

ConServe is a debt collection agency specializing in the collection of student loan debts. (Amended Complaint (Doc. No. 8-1) ¶¶ 6 & 10). Within the last four years, ConServe placed telephone calls to Plaintiff on his cellular telephone. (*Id*. ¶ 11). At all times mentioned herein, Defendant called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1), and by using an "artificial or prerecorded voice," as prohibited by 47 U.S.C. § 227(b)(1)(A). (*Id*. ¶ 12).

ConServe's calls to Plaintiff were placed in an attempt to collect an outstanding obligation allegedly owed by Plaintiff to a creditor. (*Id*. ¶ 13). When Plaintiff answered the calls from ConServe, he heard a blended pre-recorded and artificial message which stated that it was a message for 'Tom Jennings.' (*Id*. ¶ 14).

Plaintiff's telephone number called by ConServe was not a number provided by the plaintiff to the defendant or the original creditor. (*Id*. ¶ 17). Upon information believed the number was obtained through skip-trace services. *Id*.

## ARGUMENT

### I. LEGAL STANDARD

The Court reviews motions for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) under the same standard as Rule 12(b)(6) motions to dismiss. *Bank of N.Y. v. First Millennium, Inc.,* 607 F.3d 905, 922 (2d Cir.2010). Thus, judgment on the pleadings against the Plaintiff here is inappropriate if the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544,

557, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

Courts follow "a fairly restrictive standard" in ruling on 12(c) motions, as "hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense." 5C Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1368 (3d ed. 2011).

On a Rule 12(c) motion, the Court may consider "the complaint, the answer, any written documents attached to them, . . . any matter of which the court can take judicial notice for the factual background of the case[,] . . . any written instrument attached . . . as an exhibit, materials incorporated . . . by reference, and documents that, although not incorporated by reference, are integral" to the pleadings. *L–7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419, 422 (2d Cir. 2011) (internal quotation marks omitted).

## II. THE TCPA CLAIMS ARE PROPERLY PLED

Defendant is not entitled to judgment on the pleadings regarding the affirmative defense of prior express consent. The First Amended Complaint, nor any other pleadings or submissions, establish Defendant's affirmative defense.

Prior express consent is an affirmative defense to TCPA liability which must be pled, and proved, by the Defendant, not the Plaintiff. *Sterling*, 2014 WL 1224604, at *2 (prior express consent is an affirmative defense for which Defendant bears the burden of proof); *King v. Time Warner Cable*, 113 F. Supp. 3d 718, 726 (S.D.N.Y. 2015) ("Prior consent is an affirmative defense for which the defendant bears the burden of proof.") (internal quotation omitted); *Levy v. Receivables Performance Mgmt., LLC*, 972 F. Supp. 2d 409, 417 (E.D.N.Y. 2013) ("Prior express consent is, therefore, an affirmative defense to an alleged TCPA violation, for which the

4

defendant bears the burden of proof.") (internal quotation omitted); *Echevvaria v. Diversified Consultants, Inc.*, 2014 WL 929275, at *7 (S.D.N.Y. Feb. 28, 2014) (same); *see also* Defendant's Answer (Doc. No. 11) *First Affirmative Defense*.

Because it is an affirmative defense, Plaintiff is not required to plead facts showing the absence of, or negating, prior express consent. *Black v. Coughlin*, 76 F.3d 72, 75 (2d Cir. 1996) (plaintiff "need not plead facts showing the absence of such a[n] [affirmative] defense") (*citing Gomez v. Toledo,* 446 U.S. 635, 640, 100 S. Ct. 1920 (1980)); *Oliver Sch., Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991) (same); *In re Glob. Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 211 (S.D.N.Y. 2003) ("[P]laintiffs need not negate such an affirmative defense in their pleading."); *Weaver v. Wells Fargo Bank N.A.*, 2015 WL 4730572, at *4 n.3 (M.D. Fla. Aug. 10, 2015) (rejecting contention that a plaintiff is required to establish the lack of prior express consent to state a TCPA claim: "[A] preliminary investigation suggests that the argument is flawed.").[1]

Here, Defendant argues that Plaintiff's formulation of prior express consent is incorrect because it references an "in writing" requirement.  Therefore, according to the Defendant, Plaintiff fails to state a claim and Defendant is entitled to judgment on the pleadings.  Defendant is wrong.  Plaintiff is not required to plead around or plead correctly or plead to Defendant's satisfaction the absence of prior express consent, in any form, in his complaint.  At best, Defendant's argument is that Plaintiff's pleading reflects a standard regarding the defense which is too high.  However, that is a summary judgment argument and insufficient grounds to grant judgment on the pleadings under Fed. R. Civ. P. 12(c).

---

[1] Similarly, Plaintiff is not required to plead facts negating Defendant's other eight affirmative defenses.

It is also a far cry from establishing the prior express consent defense on the pleadings or in fact. Even taking Defendant's formulation of the affirmative defense as correct – that Defendant needed prior express consent but not *written* consent – denial of Defendant's motion is required because Defendant has not established this affirmative defense. (*See* Doc. No. 11 (pleading prior express consent as its First Affirmative Defense)).   Nowhere in the Amended Complaint, Answer or submissions, are facts pled that substantiate Defendant's affirmative defense of prior express consent. *Shechter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2d Cir. 1996) ("Affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." (internal quotation omitted)). It will be Defendant's burden to proof its affirmative defense as to the Plaintiff and the class. *See Sterling*, *supra*.  At this stage, Defendant has not even attempted to do so and has avoided all discovery.

Moreover, Plaintiff affirmatively pleads the *lack* of prior express consent: he pleads that his telephone number "was not a number provided by the plaintiff to the defendant or the original creditor," and that "upon information and belief the number was obtained through skip-trace services."[2] (Amended Complaint ¶¶ 17 & 18).  At this stage, Plaintiff's allegations must be accepted as true, which alone requires denial of Defendant's motion.

Succinctly stated, to state a claim under the TCPA, Plaintiff needs to plead (1) calls to his cellular telephone (2) by an automatic telephone dialing system or with prerecorded or artificial voices.   47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff pleads facts in support of both elements. (Amended Complaint ¶¶ 12, 14 & 17).  To defend against TCPA liability ConServe needs to

---

[2] "A skip-trace is the process of developing new telephone, address, job or asset information on a customer, or verifying the accuracy of such information." *Echevvaria*, 2014 WL 929275 at *8. (internal quotation omitted).

establish "prior express consent." 47 U.S.C. § 227(b)(1)(A)(iii); *Sterling*, 2014 WL 1224604, at *2. There are no facts in the pleadings showing prior express consent in any form, therefore ConServe's motion for judgment on the pleadings must be denied.

Additionally, there is no flaw in the class definition at this stage. This is not a motion for class certification, proceedings are not at the Rule 23 certification stage and no class has been certified. A motion regarding the sufficiency of class allegations at the pleading stage is "disfavored because it requires a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Ironforge.com v. Paychex, Inc.,* 747 F. Supp. 2d 384, 404 (W.D.N.Y. 2010); *see also* Decision and Order (Doc. No. 17) ("Discovery is needed on factual issues related to class certification."). And "[p]rior to a decision on the merits, leave to amend the complaint to redefine the class should be freely given except when some prejudice results to either the defendants or to those persons dropped from the class." *In re N.Y. City Mun. Sec. Litig.,* 87 F.R.D. 572, 580–81 (S.D.N.Y. 1980) (*cited in In re Currency Conversion Fee Antitrust Litig.*, 264 F.R.D. 100, 110 (S.D.N.Y. 2010)). Determining what specific class definition will meet the standards of Rule 23 (numerosity, typicality, commonality, adequacy, ascertainability and predominance) is impossible before meaningful discovery into the claims of the class.

Here, there has been no discovery. As noted, Plaintiff served his first discovery requests immediately following entry of the scheduling order. When responses to the same came due, the Defendant requested a courtesy extension which Plaintiff granted. Before that extension expired, Defendant filed the instant motion for judgment on the pleadings and the motion to stay (Doc. No. 22) which Magistrate Schroeder granted without a response from Plaintiff (Doc. No. 23),

thereby cutting off all of Plaintiff's discovery. Defendant has not provided any basis for its affirmative defenses as to TCPA liability and the class definition will undoubtedly change after Plaintiff has access to discovery and moves for certification. To the extent Defendant seeks a judgment on the pleadings against the putative, uncertified class, (1) a motion for judgment on the pleadings is the wrong mechanism to attack the suitability of class action status, and (2) Defendant's motion is woefully premature before any discovery and must be denied.

### III.   THE FDCPA CLAIMS ARE PROPERLY PLED

Plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the Defendant is a debt collector collecting a debt under the FDCPA.

The FDCPA applies to the collection of "debts" defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes" (15 U.S.C. § 1692a(5)) and governs "debt collectors" defined as persons whose principal business "is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" (*Id*. at § 1692a(6)). Thus, Plaintiff is required to allege sufficient factual content that allows the Court to reasonably infer that (1) the debt Defendant sought to collect from Plaintiff was incurred primarily for personal, family, or household purposes and (2) the Defendant's principal business is the collection of debts by and on behalf of others.

The Amended Complaint meets this standard. Plaintiff alleges that Defendant is a debt collection agency (Amended Complaint ¶ 6); that it specializes in the collection of "student loan debts" (*Id*. ¶ 10); and that it called the Plaintiff using robocalls to collect an outstanding obligation allegedly owed by Plaintiff to a third party (*Id*. ¶ 13). Defendant even *admits* that it is

a collection agency and its calls to Plaintiff were to collect a debt owed to a third party (Answer ¶¶ 6, 10 & 13).

From these facts, it is reasonable for the Court to infer that the Defendant was calling the Plaintiff regarding an alleged student loan. Student loan obligations are "debts" within the meaning of the FDCPA as they are incurred for personal family or household purposes. *See Smith v. Progressive Fin. Servs., Inc.*, 2013 WL 3995004, at *8 (D. Or. Aug. 1, 2013); *Pelfrey v. Educ. Credit Mgmt. Corp.*, 71 F. Supp. 2d 1161, 1166 (N.D. Ala. 1999), *aff'd,* 208 F.3d 945 (11th Cir. 2000). Given the nature of the calls – blended prerecorded messages asking for the Plaintiff – Plaintiff could not allege the precise debt Defendant was attempting to collect because he was not informed of the same. However, at this stage Plaintiff has plausibly pled that Defendant is a debt collector attempting to collect a debt subject to the FDCPA. *See Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246, 257 (S.D.N.Y. 2011) (finding, on summary judgment, that debt was incurred for personal, family or household purposes based on identity of creditor (AT&T) and because target of collection was an individual); *McGown v. Silverman & Borenstein, PLLC*, 2014 WL 459793, at *3 (D. Del. Feb. 3, 2014) (denying motion to dismiss where plaintiff alleged defendant collected FDCPA type "debts" and was attempting to collect from an individual). Because the factual allegations (and admissions in the Answer) support the reasonable inference that the Defendant is a debt collector and was collecting an FDCPA debt, Defendant's motion for judgment on the pleadings must be denied.

The cases Defendant cites are unpersuasive. In *Scarola Malone & Zubatov LLP v. Verizon Commc'ns, Inc.*, 2015 WL 3884211, at *5 (S.D.N.Y. June 24, 2015) the debt at issue arose from a contract for services between Verizon and a law firm organized as a limited liability partnership. The nature of the contracting parties (companies) and services (telecommunications

9

services for a business) made the inference of personal, household or family debts untenable. However, those are not the allegations here where one of the participants, Jennings, is a person and the Defendant specializes in the collection of student loans. *In re Jacques*, 416 B.R. 63, 81 (Bankr. E.D.N.Y. 2009) stands for the proposition that filing a proof of claim in a bankruptcy is not an action to collect a consumer debt, and is irrelevant to the case at bar. In *Williams v. Citibank, N.A.*, 565 F. Supp. 2d 523, 530 (S.D.N.Y. 2008) the plaintiff did not allege any facts "indicating" that the Defendant was collecting on behalf of another entity. Here, Plaintiff alleged just that (Amended Complaint ¶ 13), and Defendant has admitted it (Answer ¶ 13). Similarly, in *Hooks v. Forman Holt Eliades & Ravin LLC*, 2012 WL 3322637, at *2 (S.D.N.Y. Aug. 13, 2012), the plaintiff made "no attempt" to allege that one of the defendants' principal business was the collection of debts due others. Instead, the *Hooks* plaintiff sought a sort of "imputed liability" from one defendant (the debt collector) to the other. Here, Jennings clearly alleges, and ConServe clearly admits that ConServe collects debts due to others and it is a collection agency.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion for Judgment on the Pleadings. If the Court finds that Plaintiff's allegations are insufficient in any fashion, Plaintiff respectfully requests leave to amend his complaint.

Dated: April 18, 2016

Respectfully submitted,

By: */s/ Stephen Taylor*
Stephen Taylor, Esq.
LEMBERG LAW LLC
43 Danbury Road
Wilton, CT 06897
203.653.2250 x5502 (office)
203.653.3425 (fax)
staylor@lemberglaw.com

## **CERTIFICATE OF SERVICE**

      This is to certify that, on April 18, 2016, the foregoing was filed with the Court through the ECF system which sent notice of such filing to the following:

Brendan H. Little
Lippes Mathias Wexler Friedman LLP
50 Fountain Plaza
Suite 1700
Buffalo, NY 14202

                                     By    */s/ Stephen Taylor*
                                                 Stephen Taylor