UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

THOMAS JENNINGS, individually and on behalf of all others similarly situated,

          Plaintiff,

v.

CONTINENTAL SERVICE GROUP, INC., doing business as ConServe, and DOES 1-10, INCLUSIVE,

          Defendants.
_____

**DECISION AND ORDER**

1:15-CV-00575 EAW

## INTRODUCTION

Plaintiff Thomas Jennings ("Plaintiff"), individually and on behalf of others similarly situated, brings this action against Defendants Continental Service Group, Inc. ("Defendant") and Does 1-10, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"). (Dkt. 8). Presently before the Court is Defendant's motion for judgment on the pleadings. (Dkt. 21). For the reasons stated below, Defendant's motion is denied, except to the extent that Plaintiff's FDCPA claim is dismissed without prejudice and Plaintiff is granted leave to replead.

- 1 -

## FACTUAL BACKGROUND

Defendant is a "debt collection agency specializing in the collection of student loan debts."[1] (Dkt. 8-1 at ¶ 10). Defendant "placed debt collection calls to Plaintiff at a harassing and unfair rate" (*id.* at ¶ 13)—up to four calls a day. (*Id.* at ¶ 19). The calls were made to Plaintiff's cellular telephone using an "automatic dialing system." (*Id.* at ¶ 12). The calls "were placed in an attempt to collect an outstanding obligation allegedly owed by Plaintiff" to a third-party creditor. (*Id.* at ¶ 13). The calls left a message for "Tom Jennings," using an artificially reproduced voice employing text-to-voice technology. (*Id.* at ¶ 14). Defendant's calls were not placed for emergency purposes, nor did Defendant "have express consent to place calls using an artificial or prerecorded voice to Plaintiff's cellular telephone." (*Id.* at ¶¶ 16, 18). Plaintiff alleges later in the amended complaint that Defendant did not have "prior written express consent" to make the calls. (*Id.* at ¶¶ 31, 39).

## DISCUSSION

**I.     Standard of Review**

Judgment on the pleadings may be granted under Fed. R. Civ. P. 12(c) "where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). "In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in

---

[1]     The facts presented are as alleged in the amended complaint.

the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief." *Zucco v. Auto Zone, Inc.*, 800 F. Supp. 2d 473, 475 (W.D.N.Y. 2011). A court should consider the motion "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Ruotolo v. N.Y.C.*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). Thus, "at a bare minimum, the operative standard requires the plaintiff to provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Goldstein v. Pataki*, 516 F.3d 50, 56-57 (2d Cir. 2008) (citations omitted).

## II. Plaintiff's TCPA Claims

Defendant argues that Plaintiff fails to state a claim under the TCPA. (Dkt. 21-1 at 4-6).[2] The TCPA makes it unlawful for any person in the United States to make a call "using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service," unless it is for emergency purposes or with "prior express consent." 47 U.S.C. § 227(b)(1)(A). "The [TCPA] creates a private right of action, providing for statutory damages in the amount of $500 for each violation as well as injunctive relief against future violations." *Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharm., Inc.*, 847 F.3d 92, 94-95 (2d Cir. 2017). To state a claim under the TCPA, a plaintiff must allege that: "(1) a call was placed to a cell or wireless phone; (2) by the use of any automatic dialing system [and/or leaving an artificial or prerecorded message] and (3) without prior consent of the recipient." *See Echevvaria v. Diversified Consultants, Inc.*, No. 13 Civ. 4980(LAK)(AJP), 2014 WL 929275, at *4 (S.D.N.Y. Feb. 28, 2014) (citation omitted); *see, e.g., Pugliese v. Prof'l Recovery Serv., Inc.*, No. 09-12262, 2010 WL 2632562, at *7 (E.D. Mich. June 29, 2010).

Here, Plaintiff has stated a claim. The amended complaint alleges that Defendant made calls to Plaintiff's cell phone using "a blended pre-recorded and artificial message." (Dkt. 8-1 at ¶¶ 11-14). Plaintiff further alleges that the calls were not for emergency purposes, nor did Plaintiff provide "express consent" for Defendant to make calls to his

---

[2] This Court has subject-matter jurisdiction to hear private causes of action under the TCPA. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376 (2012).

cell phone using an artificial or pre-recorded voice. (*Id.* at ¶¶ 16, 18). Plaintiff's allegations are sufficient to raise the specter of relief above the speculative level. Thus, Plaintiff has sufficiently stated a claim under the TCPA.

According to Defendant, the TCPA allows automated phone calls for debt collection where there is prior consent to such calls. (Dkt. 21-1 at 5). Written consent is not required; oral consent can be sufficient to allow for such calls. (*Id.*). Defendant contends that because Plaintiff alleged in one part of the amended complaint that no "prior written express consent" was obtained, Plaintiff failed to state a claim. (*Id.* at 5-6).

Defendant's argument lacks merit. To survive a motion for judgment on the pleadings, Plaintiff is only required to plead facts sufficient to establish that a claim is plausible. *See Twombly*, 550 U.S. at 570. Plaintiff has done so, as noted above. Defendant makes much of Plaintiff's statements that no "prior *written* express consent" was obtained. (Dkt. 21-1 at 6 (emphasis original) (citing Dkt. 8-1 at ¶¶ 31, 39)). Defendant fails to note that Plaintiff also alleged that "Defendant or its agents did not have *express consent* to place calls. . . ." (Dkt. 8-1 at ¶ 18) (emphasis added). Plaintiff incorporates by reference paragraph 18 of the amended complaint—which does not limit consent to "written" consent—to his TCPA claims. (*See id.* at ¶¶ 29, 37). Even assuming a plaintiff would fail to state a TCPA claim by alleging that he or she had not given "written" consent, a proposition the Court seriously doubts,[3] Plaintiff includes a

---

[3] The existence of consent is an affirmative defense to TCPA liability. *King v. Time Warner Cable*, 113 F. Supp. 3d 718, 726 (S.D.N.Y. 2015) ("Prior consent is 'an affirmative defense for which the defendant bears the burden of proof.'" (quoting *Grant v. Capital Mgmt. Servs. L.P.*, 449 F. App'x 598, 600 n.1 (9th Cir. 2011)); *see, e.g.*,

broader allegation that no consent—written or otherwise—was given to Defendant. Thus, Defendant's motion for judgment on the pleadings must be denied.

### III. Plaintiff's FDCPA Claim

Defendant argues that Plaintiff's FDCPA claim must be dismissed because: (1) Plaintiff failed to allege that Defendant met the statutory definition of a "debt collector" under the FDCPA; and (2) Plaintiff failed to allege that the purported calls relate to "consumer" debt. (Dkt. 21-1 at 7-9).

The FDCPA prohibits a "debt collector" from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Additionally, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. A "debt collector" is any person "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

---

*Rawlins v. Stoneberry & Mason Cos., Inc.*, 1:15-cv-296 (BKS/CFH), 2016 WL 7742810, at *4 (N.D.N.Y. Sept. 1, 2016); *Sterling v. Mercantile Adjustment Bureau, LLC.*, No. 11-CV-639, 2014 WL 1224604, at *2 (W.D.N.Y. Mar. 25, 2014). A plaintiff "need not plead facts showing the absence of [an affirmative] defense" in order to state a claim. *Black v. Coughlin*, 76 F.3d 72, 75 (2d Cir. 1996); *see, e.g., Chen v. Major League Baseball Props., Inc.*, 798 F.3d 72, 81 (2d Cir. 2015). Plaintiff has no obligation to show that there was a lack of consent, written or otherwise, in the amended complaint. A plausible allegation of such—as is present here—is sufficient to state a claim under the TCPA. Further, Defendant's pleadings do not put forth any facts to establish that there was any kind of consent. (*See* Dkt. 11). Thus, Defendant has not met its burden in establishing its affirmative defense such that judgment on the pleadings is proper.

"The term 'debt' [as defined in the FDCPA] means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. . . ." 15 U.S.C. § 1692a(5). The term "debts" relates only to consumer debts, not commercial ones. *Goldman v. Cohen*, 445 F.3d 152, 154 n.2 (2d Cir. 2006), *otherwise superseded by statute as recognized in Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 136 (2d Cir. 2010).

Here, Plaintiff alleges, and Defendant admits, that Defendant is a debt collection agency (Dkt. 8-1 at ¶ 10; Dkt. 11 at ¶ 10 (admitting that Defendant is "a collection agency")), and Defendant's calls "were placed in an attempt to collect an outstanding obligation allegedly owed by Plaintiff to a creditor" (Dkt. 8-1 at ¶ 13; Dkt. 11 at ¶ 13). The amended complaint also claims that Defendant "placed debt collection calls to Plaintiff at a harassing and unfair rate." (*Id.* at ¶ 46).

Defendant argues that even though the amended complaint alleges that Defendant was a debt collection agency, it fails to specifically allege that Defendant's "principal purpose" was to collect debt, and, therefore, Plaintiff fails to state a claim. (Dkt. 21-1 at 8-9). This argument is incorrect. Plaintiff alleges that Defendant is a debt collector, and "specializes in the collection of student loan debts." (Dkt. 8-1 at ¶ 10). Such allegations are sufficient (as to that element of an FDCPA claim) that, when taken as true, they establish Defendant was a debt collector under § 1692a(6).

Defendant cites *Williams v. Citibank, N.A.*, 565 F. Supp. 2d 523 (S.D.N.Y. 2008) for the proposition that, without a factual allegation that Defendant's principal purpose

was to collect debt, Plaintiff failed to state a claim. (Dkt. 21-1 at 8-9). In *Williams*, the plaintiff "[did] not allege facts indicating that either defendant was a 'debt collector' subject to the FDCPA...." *Williams*, 565 F. Supp. 2d at 530. Here, by contrast, Plaintiff alleges that Defendant is a "debt collector."

Defendant also cites *Hooks v. Forman Hold Eliades & Ravin LLC*, No. 11 Civ. 2767(LAP), 2012 WL 3322637 (S.D.N.Y. Aug. 13, 2012). (Dkt. 21-1 at 9). There, the plaintiffs "failed to include specific allegations regarding [a defendant's] status as a debt collector within the meaning of the FDCPA." *Hooks*, 2012 WL 3322637, at *2. The plaintiffs made "no attempt in the [c]omplaint . . . to allege specifically either that [the defendant's] 'principal purpose' [was] to collect debts or that he 'regularly collect[ed] or attempt[ed] to collect debts owed or due another.'" *Id.* That is not the case here. Plaintiff made such allegations in the amended complaint in alleging that Defendant was a debt collector and that it specialized in collecting student loan debt. Further, Defendant *admitted* in its answer that it is a collection agency. Thus, Defendant's argument fails.

However, that does not end the Court's inquiry. Defendant also argues that Plaintiff's allegations are insufficient because Plaintiff failed to allege that Defendant's calls related to debt accrued primarily for personal, family, or household expenses. (Dkt. 21-1 at 8). "[Although] the FDCPA protects consumers from abusive debt collection practices, it applies only in instances where a debt collector attempts to collect a 'debt' within the meaning of the Act." *Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff*, 638 F. App'x 100, 102 (2d Cir. 2016). Nowhere in the complaint does Plaintiff allege what kind of debt was owed, nor to whom the debt was owed. (*See* Dkt. 8-1).

"These allegations . . . are mere conclusory statements not supported by facts from which the inference could be reasonably drawn that collection efforts arose from a consumer transaction." *Scarola*, 638 F. App'x at 102-03.

Plaintiff points to the allegation that Defendant was primarily engaged in the collection of student loan debt in arguing that the claim was properly pled. (Dkt. 25 at 9). Plaintiff argues the Court should infer from that allegation that Defendant's calls were for debts subject to the FDCPA. (*Id.*). The inference Plaintiff suggests is a step too far. Though Defendant may specialize in the collection of student debt, as Plaintiff alleges, it does not follow that any calls to Plaintiff related to student debt. Plaintiff failed to allege any facts which suggest that the debts at issue were consumer debts related to personal, family, or household expenses. Therefore, Plaintiff's FDCPA claim in its current form fails to state a claim. *See Scarola*, 638 F. App'x at 103 ("[Plaintiff] did not include any factual allegations in his [c]omplaint to support the inference that the amount in dispute arose from a consumer transaction, and, accordingly, he failed to state a claim upon which relief could be granted."); *see, e.g., Billie v. Credit Collection Servs., Inc.*, No. 16-cv-786 (VAB), 2017 WL 396536, at *3 (D. Conn. Jan. 30, 2017) ("[An] FDCPA complaint that merely recites that the debt at issue is 'primarily for personal, family, or household purposes,' as required by the FDCPA, fails to state a claim if no additional factual allegations showing that the debt is a consumer debt are present.").[4]

---

[4] At least one court in this Circuit has found that a simple allegation that the debt at issue was primarily for personal, family, or household purposes was sufficient to avoid dismissal under Rule 12(c). *Derisme v. Hunt Leibert Jacobson, PC*, No. 3:10cv244 (MRK), 2010 WL 4683916, at *3 (D. Conn. Nov. 10, 2010); *see also Munroe v.*

However, because Plaintiff's opposition papers contend that the alleged debt sought was within the scope of the FDCPA, and because Plaintiff requests leave to file an amended complaint (*see* Dkt. 25 at 10), the Court will construe that request in Plaintiff's opposition papers as a cross-motion for leave to amend. Said motion is granted, subject to Plaintiff filing an amended pleading within twenty (20) days of the entry of this Decision and Order that corrects the failure to allege that the calls made by Defendant were seeking to collect consumer debts related to personal, family or household expenses. Nothing herein should operate as a bar to Defendant filing a subsequent motion addressed to the sufficiency of any amended complaint that fails to state a claim under the FDCPA. In other words, if upon the filing of the amended pleading, Defendant continues to take the position that Plaintiff has failed to allege that the debt sought to be collected by Defendant was within the scope of the FDCPA, Defendant may pursue any appropriate dispositive relief at that time.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for judgment on the pleadings (Dkt. 21) is denied, except to the extent that Defendant seeks to dismiss the FDCPA claim for failing to allege that the debt sought to be collected was within the scope of consumer debt covered by the statute, and that claim is dismissed without prejudice, and

---

*Nationstar Mortg. LLC*, __ F. Supp. 3d __, 2016 WL 4766244, at *7 (E.D.N.Y. 2016) (denying a motion to dismiss pursuant to Rule 12(b)(6) where the plaintiff alleged the debt was "primarily for personal, family or household purposes"). However, Plaintiff here has failed to even make this kind of general allegation.

Plaintiff is granted leave to file an amended complaint within twenty (20) days of the entry of this Decision and Order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 7, 2017
      Rochester, New York